## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ABSOLUTE INVESTMENT ADVISERS LLC,
a Massachusetts limited liability company,

      Plaintiff,

v.

LOOMIS, SAYLES & COMPANY, L.P.,
a Delaware limited partnership;
LOOMIS SAYLES ABSOLUTE STRATEGIES FUND;
LOOMIS, SAYLES & COMPANY, INC.
a Massachusetts corporation; and
NATIXIS DISTRIBUTORS, L.P.,
a Delaware limited partnership,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, Absolute Investment Advisers LLC ("Absolute"), for its complaint and jury

demand against Defendants, Loomis, Sayles & Company, L.P., Loomis, Sayles & Company,

Inc., the Loomis Sayles Absolute Strategies Fund (collectively, "Loomis, Sayles"), and Natixis

Distributors, L.P. ("Natixis") alleges as follows:

## INTRODUCTION

1.     This lawsuit is intended to put a stop to the Defendants' infringing use of

Absolute's trademark, "ABSOLUTE STRATEGIES FUND," and to recover damages for that

unlawful use.  Absolute has registered and used that mark for one of its highly successful mutual

funds.  Defendants unlawfully and with full knowledge of Absolute's ownership rights in that

mark have adopted and are using the same mark for their own competing investment fund, and are capitalizing on Absolute's and its fund's exceptional reputation and valuable goodwill.  That willful act of infringement has caused irreparable harm to Absolute and its trademark, generating huge revenues and profits for the Defendants.

## THE PARTIES, JURISDICTION, AND VENUE

2.      Absolute is a Massachusetts limited liability company with its principal place of business located at 18 Shipyard Drive, Suite 3C, Hingham, MA 02043.

3.      Loomis, Sayles & Company, L.P. is a Delaware limited partnership with its principal place of business at One Financial Center, Boston, MA 02111.  Loomis, Sayles & Company, L.P. has made a notice of filing with the Securities and Exchange Commission with respect to its investment advisory activities in Colorado and, on information and belief, transacts substantial business in Colorado, has committed one or more torts in Colorado, and has derived financial benefits from the unlawful activities alleged in this Complaint within this jurisdiction.

4.      Loomis, Sayles & Company, Inc. is a corporation incorporated under the laws of Massachusetts with its principal place of business at One Financial Center, Boston, MA 02111. Loomis, Sayles & Company, Inc. is the general partner of Loomis, Sayles & Company, L.P. and is liable for the actions of Loomis, Sayles & Company, L.P.  On information and belief, Loomis, Sayles & Company, Inc. transacts substantial business in Colorado through Loomis, Sayles & Company, L.P., has committed one or more torts in Colorado, and has derived financial benefits from the unlawful activities alleged in this Complaint within this jurisdiction.

5.      Loomis Sayles Absolute Strategies Fund is a series Natixis Fund Trust II that has its principal executive offices at 399 Boylston St., Boston, MA 02116.  On information and

belief, Loomis Sayles Absolute Strategies Fund transacts substantial business in Colorado, has committed one or more torts in Colorado, and has derived financial benefits from the unlawful activities alleged in this Complaint within this jurisdiction.

6.      Natixis is a Delaware partnership with its principal place of business at 399 Boylston St., Boston, MA 02116 and has registered to do business in Colorado.  On information and belief, Natixis transacts substantial business in Colorado, has committed one or more torts in Colorado, and has derived financial benefits from the unlawful activities alleged in this Complaint within this jurisdiction.

7.      This action is brought, in part, under the federal Lanham Act, 15 U.S.C. § 1051 *et seq.*, and this Court has original jurisdiction under the Lanham Act pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).

8.      This Court has original jurisdiction over the federal unfair competition claims pursuant to 28 U.S.C. § 1338(b).

9.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims brought under the Lanham Act that they form a part of the same case or controversy.

10.     Venue is proper within this judicial district under 28 U.S.C. § 1391(b) and (c) because Defendants are corporate entities, limited partnerships and a trust that are subject to personal jurisdiction in Colorado at the time this action commenced.

## BACKGROUND FACTS

**A.**     **Absolute Investment Advisor's ABSOLUTE STRATEGIES FUND Trademark**

11.     Absolute is the owner of the ABSOLUTE STRATEGIES FUND mark, which is a service mark registered on the Principal Register of the United States Patent and Trademark Office (the "USPTO") at Federal Registration No. 3,178,000 pursuant to the Lanham Act, 15 U.S.C. §§ 1051 and 1053.  The mark is valid and in full force and effect.

12.     The ABSOLUTE STRATEGIES FUND mark has been registered with the USPTO since November 28, 2006, with an application priority date of September 10, 2004.  A record of the USPTO registration is attached hereto as Exhibit A.

13.     Absolute monitors and controls the use of the ABSOLUTE STRATEGIES FUND mark.

14.     The Absolute Strategies Fund is a mutual fund that was launched by Absolute on July 25, 2005.  In this Complaint, the Absolute Strategies Fund mutual fund is referred to in title case and the trademark, ABSOLUTE STRATEGIES FUND, is referred to in all capital letters.

15.     Absolute is the investment manager for the Absolute Strategies Fund.

16.     Absolute first used the ABSOLUTE STRATEGIES FUND mark in commerce at least as early as January 28, 2005 and has continually used the mark in association with the Absolute Strategies Fund.  Absolute has invested more than $3 million in promoting and advertising its mark.

17.     Over the course of more than six years, Absolute and its affiliates have made significant investments in building goodwill in the ABSOLUTE STRATEGIES FUND mark by providing services of the highest quality, recognized expertise, and unique financial strategies,

and have consistently enhanced the profile and reputation of the services offered under the ABSOLUTE STRATEGIES FUND mark.

18.     As a result of Absolute's longstanding and continuous use of the ABSOLUTE STRATEGIES FUND mark, significant investment made in building goodwill in that name, and the securing and maintaining of a federal registration, the ABSOLUTE STRATEGIES FUND mark has earned recognition and respect in the financial advisory services and related industries, and is associated exclusively with Absolute as the source of such recognized and respected services.

**B.      Loomis, Sayles' and Natixis's Wrongful and Unauthorized Use of the ABSOLUTE STRATEGIES FUND Mark**

19.     Absolute and Loomis, Sayles & Company, L.P. entered into a "Subadvisory Agreement," dated as of May 5, 2005 (the "Agreement").  The Agreement is attached as Exhibit B.

20.     The Agreement states that Absolute has entered into an investment advisory agreement with a trust named Forum Funds (the "Trust"), and pursuant to such investment advisory agreement Absolute is the investment advisor for the series of Trust that is the Absolute Strategies Fund.

21.     In the Agreement, Absolute appointed Loomis, Sayles & Company, L.P. as a Subadviser to manage, among other things, the investment and reinvestment of assets of the Absolute Strategies Fund that would be allocated to Loomis, Sayles & Company, L.P.

22.     In Section 10(n) of the Agreement, Loomis, Sayles & Company, L.P. promised that it "shall not use the name of . . . any [ABSOLUTE STRATEGIES FUND] on any checks,

bank drafts, bank statements or forms for other than internal use in a manner not approved by the Trust prior thereto in writing . . . ."

23.     On or about December 15, 2010, contrary to the promises made in the Agreement, and without notice to Absolute, Loomis, Sayles & Company, L.P., Natixis, and Loomis, Sayles & Company, Inc. launched a mutual fund titled the "Loomis Sayles Absolute Strategies Fund" with substantial similarities to the Absolute Strategies Fund managed by Absolute and bearing the same name owned and trademarked by Absolute.

24.     Marketing materials distributed by Loomis, Sayles & Company, L.P., Natixis, and Loomis, Sayles & Company, Inc. describe their mutual fund as an "absolute return fund" and call it the "Absolute Strategies Fund" or "Loomis Sayles Absolute Strategies Fund" (collectively referred to herein as the "Loomis Sayles Absolute Strategies Fund").  One example of such marketing material is attached as Exhibit C.

25.     Loomis, Sayles and Natixis advertise the Loomis Sayles Absolute Strategies Fund widely to consumers on the Internet, including consumers in Colorado, and Colorado consumers can invest in such fund in Colorado over the Internet.

26.     The Trust and Absolute have never approved in writing or otherwise Loomis, Sayles' and Natixis's adoption or use of the ABSOLUTE STRATEGIES FUND mark, or its incorporation into and use by Defendants of the Loomis Sayles Absolute Strategies Fund name.

27.     By letter dated February 4, 2011, Absolute, through its counsel, contacted Natixis and the general counsel for Loomis, Sayles & Company, L.P. to advise these entities that their unauthorized use of the ABSOLUTE STRATEGIES FUND mark is an act of knowing and willful trademark infringement.  Absolute demanded that Natixis and Loomis, Sayles &

Company, L.P., and all of their affiliates, owners, agents, employees, officers, directors, contractors, managers and representatives immediately cease and desist from any further use of the Absolute Strategies Fund name, and any name which is a variation of, or is confusingly similar to, in whole or in part, ABSOLUTE STRATEGIES FUND.

28.     Natixis and Loomis, Sayles and their affiliates, owners, agents, employees, officers, directors, contractors, managers and representatives have refused to stop using the ABSOLUTE STRATEGIES FUND mark.

29.     The acts of Loomis, Sayles and Natixis in offering, managing, promoting, and advertising a financial service under the name Loomis Sayles Absolute Strategies Fund, and their other uses of the ABSOLUTE STRATEGIES FUND mark, directly infringe on Absolute's proprietary rights in the ABSOLUTE STRATEGIES FUND mark, and have caused actual confusion and will likely continue to cause confusion, mistake, deception, or false suggestion of affiliation or sponsorship in the mind of consumers and industry professionals.

30.     Confusion, mistake and deception are likely to occur because, among other things, (a) the Loomis Sayles Absolute Strategies Fund name uses the name Absolute Strategies Fund and the ABSOLUTE STRATEGIES FUND mark; (b) Absolute, Natixis, Loomis, Sayles & Company, L.P., and Loomis, Sayles & Company, Inc. all are in the financial services business and offer managed investment funds; and (c) the Absolute Strategies Fund and the Loomis Sayles Absolute Strategies Fund both are mutual funds.

31.     Absolute has received several inquiries from individuals demonstrating actual confusion between the Absolute Strategies Fund and the Loomis Sayles Absolute Strategies Fund.  For example:

a.      On or about January 5, 2011, an investment adviser who is not affiliated with Absolute received an e-mail from Loomis, Sayles & Company, L.P. inviting the investment adviser and his colleagues to an event hosted by Natixis to discuss, among other things, "the strategy behind our latest fund, the Absolute Strategies Fund." In addition to the invitation, the e-mail attached the marketing material attached as Exhibit C. The investment adviser forwarded the e-mail to Absolute to inquire whether the Loomis Sayles Absolute Strategies Fund was related to Absolute.

b.      On or about February 8, 2011, an investment adviser e-mailed Absolute the same marketing material and inquired if Absolute had forgotten to seek protection of Absolute's intellectual property rights in the Absolute Strategies Fund name.

32.     Loomis, Sayles' and Natixis's use of the name Loomis Sayles Absolute Strategies Fund also falsely suggests a sponsorship or affiliation between Absolute and Loomis, Sayles and Natixis.

33.     Due to the actual and likelihood of confusion and the mistake and deception caused by Natixis's and Loomis, Sayles' launch and promotion of the Loomis Sayles Absolute Strategies Fund, consumers, investors advisers, and others are likely to invest in and/or monitor the performance of such fund believing that it is the Absolute Strategies Fund.

34.     As a result of this false suggestion of sponsorship or affiliation, Loomis, Sayles and Natixis have improperly profited from the reputation and goodwill of the ABSOLUTE STRATEGIES FUND mark. In less than one year, the total net assets of the Loomis Sayles Absolute Strategies Fund have grown to exceed $500 million. The extraordinary growth of the net assets of the Loomis Sayles Absolute Strategies Fund is a direct result of Defendants

profiting from the goodwill and reputation already earned and represented by Absolute's ABSOLUTE STRATEGIES FUND mark.

35.     Loomis, Sayles and Natixis have created and are profiting from two additional funds using the ABSOLUTE STRATEGIES FUND mark.  These funds are the Loomis Sayles Absolute Strategies Bond Fund and the Loomis Sayles Absolute Strategies Trust.

36.     Loomis, Sayles' and Natixis's use of Absolute's ABSOLUTE STRATEGIES FUND mark is a willful and intentional infringement of the ABSOLUTE STRATEGIES FUND mark because Loomis, Sayles and Natixis had actual knowledge of Absolute's ownership of the ABSOLUTE STRATEGIES FUND mark and goodwill in the same, and they improperly used that mark for the Loomis Sayles Absolute Strategies Fund.  For example:

a.     Pursuant to the Agreement between Loomis, Sayles & Company, L.P. and Absolute, Loomis, Sayles & Company, L.P. promised in 2005 to be a Subadviser that would perform investment advisory services for the Absolute Strategies Fund.  Loomis, Sayles & Company, L.P. also promised in the Agreement to obtain written permission prior to using the ABSOLUTE STRATEGIES FUND mark.  Notwithstanding these promises, after Absolute had generated substantial goodwill in the ABSOLUTE STRATEGIES FUND mark, Loomis, Sayles and Natixis sought to profit from that goodwill and divert sales from Absolute by willfully creating the competing Loomis Sayles Absolute Strategies Fund and deliberately using the ABSOLUTE STRATEGIES FUND mark without Absolute's permission.

b.     Moreover, Loomis, Sayles and Natixis have willfully and intentionally continued to use the ABSOLUTE STRATEGIES FUND mark after Absolute demanded that they stop their unauthorized use of the same.

37.     Unless restrained or enjoined, Loomis, Sayles' and Natixis's unauthorized use of the ABSOLUTE STRATEGIES FUND mark will continue to cause confusion among consumers familiar with the ABSOLUTE STRATEGIES FUND mark, damage Absolute's goodwill and reputation in such mark, and unjustly enrich Loomis, Sayles and Natixis.

38.     Loomis, Sayles' and Natixis's acts of trademark infringement, unfair competition, and deceptive trade practices, unless enjoined by this Court, will continue to cause Absolute to sustain irreparable damage, loss, and injury to its business reputation, goodwill and value of the ABSOLUTE STRATEGIES FUND mark, for which Absolute has no adequate remedy at law.

## COUNT I
## TRADEMARK INFRINGEMENT IN VIOLATION OF LANHAM ACT § 32
### (15 U.S.C. § 1114)

39.     Absolute incorporates and realleges each and every allegation contained in the foregoing paragraphs 1 through 38 as if fully set forth and restated herein.

40.     The ABSOLUTE STRATEGIES FUND mark is a valid, federally registered mark owned by Absolute.

41.     Loomis, Sayles and Natixis have used and are continuing to use the name Loomis Sayles Absolute Strategies Fund, which is confusingly similar to the ABSOLUTE STRATEGIES FUND mark.

42.     Loomis, Sayles' and Natixis's unlicensed and unauthorized use of the Loomis Sayles Absolute Strategies Fund name in connection with their business, services and products has caused and will likely continue to cause confusion, deception, and mistake by creating the false and misleading impression of consumers and members of the financial services industry that the Loomis Sayles Absolute Strategies Fund and related products and services are affiliated,

connected or associated with Absolute or has the sponsorship, endorsement, or approval of Absolute.

43.     Loomis, Sayles and Natixis are using the name Loomis Sayles Absolute Strategies Fund without Absolute's permission and with actual and constructive knowledge of the federal registration the ABSOLUTE STRATEGIES FUND mark.

44.     Loomis, Sayles and Natixis have thus committed and are continuing to commit acts of trademark infringement in commerce in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45.     Loomis, Sayles' and Natixis's ongoing violations of Section 32 of the Lanham Act are committed willfully, intentionally, knowingly, and in bad faith with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake or deceive consumers.

46.     Loomis, Sayles' and Natixis's acts of trademark infringement have caused and will continue to cause damage and irreparable harm to Absolute, and are likely to continue unabated, thereby causing further irreparable damage to Absolute's business, business reputation, profits, and to the valuable goodwill symbolized by and associated with the ABSOLUTE STRATEGIES FUND mark.

47.     Loomis, Sayles and Natixis have been and will continue to be unjustly enriched if they are not restrained and/or enjoined by this Court from further violating Absolute's rights.

**COUNT II**
**UNFAIR COMPETITION IN VIOLATION OF LANHAM ACT § 43**
**(15 U.S.C. § 1125(a))**

48.     Absolute incorporates and realleges each and every allegation contained in the foregoing paragraphs 1 through 47 as if fully set forth and restated herein.

49.     Loomis, Sayles' and Natixis's use of the name Loomis Sayles Absolute Strategies Fund in connection with their business, services and products is an unlicensed and unauthorized use of the ABSOLUTE STRATEGIES FUND mark.

50.     Loomis, Sayles' and Natixis's use of the Loomis Sayles Absolute Strategies Fund name constitutes a false designation of origin, a false or misleading description, or a false or misleading representation of fact that are likely to cause confusion, to cause mistake, or to deceive consumers and the relevant public as to affiliation, connection, or association, or as to origin, sponsorship, or approval of goods, services, or commercial activities within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

51.     Loomis, Sayles' and Natixis's actions constitute "false advertising" within the meaning of Section 43(a) in that their use of the name Loomis Sayles Absolute Strategies Fund wholly appropriates the ABSOLUTE STRATEGIES FUND mark and creates a false designation of origin in commercial advertising, marketing, and promotion or a false description or representation of fact as to the Loomis Sayles Absolute Strategies Fund and wrongly suggests and has caused or is likely to cause confusion to the relevant public and consumers that such goods and services emanate from, or are licensed, endorsed, approved, or sponsored by, or are in some other way associated or connected with Absolute and/or the ABSOLUTE STRATEGIES FUND mark in violation of 15 U.S.C. § 1125(a)(1)(B).

52.     Loomis, Sayles' and Natixis's ongoing violations of Section 43 of the Lanham Act have been committed and are being committed willfully, intentionally, knowingly, and in bad faith.

53.     Loomis, Sayles' and Natixis's aforementioned acts have caused and will continue to cause irreparable harm to Absolute and have and will continue to result in unjust enrichment to Loomis, Sayles and Natixis until Loomis, Sayles and Natixis are restrained and/or enjoined by this Court from further violations of Absolute's rights.

### COUNT III
### BREACH OF CONTRACT
### (Against Loomis Sayles & Company, L.P.)

54.     Absolute incorporates and realleges each and every allegation contained in the foregoing paragraphs 1 through 53 as if fully set forth and restated herein.

55.     Absolute and Loomis, Sayles & Company, L.P. entered into the Subadvisory Agreement attached as Exhibit B.

56.     In Section 10(n) of the Agreement, Loomis, Sayles & Company, L.P. promised that it "shall not use the name of . . . any [ABSOLUTE STRATEGIES FUND] on any checks, bank drafts, bank statements or forms for other than internal use in a manner not approved by the Trust prior thereto in writing . . . ."

57.     Loomis, Sayles & Company, L.P. has breached the Agreement by using the name Loomis Sayles Absolute Strategies Fund in a manner not approved by the Trust or Absolute.

58.     Loomis, Sayles & Company, L.P.'s breach of the Agreement and unauthorized use of the name Loomis Sayles Absolute Strategies Fund has resulted in damages to Absolute in an amount to be ascertained at trial.

### COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT

59.     Absolute incorporates and realleges each and every allegation contained in the foregoing paragraphs 1 through 58 as if fully set forth and restated herein.

60.     Absolute is the owner of protectable rights in the ABSOLUTE STRATEGIES FUND mark in connection with mutual funds and related financial services.

61.     Absolute has used the ABSOLUTE STRATEGIES FUND mark in U.S. commerce, including the State of Colorado, since at least January 28, 2005.

62.     Absolute has established goodwill associated with the ABSOLUTE STRATEGIES FUND mark and Loomis, Sayles and Natixis are trading upon Absolute's goodwill through unauthorized and unlicensed use of the ABSOLUTE STRATEGIES FUND mark.

63.     Loomis, Sayles' and Natixis's use of the Loomis Sayles Absolute Strategies Fund name has caused or is likely to cause confusion, mistake, or deception amongst the purchasing public, investment advisers, and others that Loomis Sayles Absolute Strategies Fund is affiliated with, related to, sponsored by, or connected with the ABSOLUTE STRATEGIES FUND mark to the damage of Absolute.

64.     Loomis, Sayles' and Natixis's intentional unauthorized use of the name Loomis Sayles Absolute Strategies Fund, which appropriates the entirety of the ABSOLUTE STRATEGIES FUND mark in connection with the sale of the Loomis Sayles Absolute Strategies Fund constitutes an infringement of Absolute's preexisting and long-standing rights in Absolute's common law marks, which Absolute acquired in good faith.

65.     By refusing to discontinue their use of the confusingly similar name Loomis Sayles Absolute Strategies Fund, Loomis, Sayles and Natixis have willfully, deliberately, maliciously, intentionally, knowingly, and in bad faith violated, and continue to violate, the common law rights of Absolute.

- 14 -

66.     Loomis, Sayles' and Natixis's acts of common law trademark infringement have caused irreparable injury to Absolute and have resulted in and will continue to result in unjust enrichment to Loomis, Sayles and Natixis unless they are restrained and/or enjoined by this Court from further violations of Absolute's common law rights.

### COUNT V
### COMMON LAW UNFAIR COMPETITION

67.     Absolute incorporates and realleges each and every allegation contained in the foregoing paragraphs 1 through 66 as if fully set forth and restated herein.

68.     Loomis, Sayles' and Natixis's actions as alleged herein constitute misappropriation of valuable ownership rights of Absolute and trading on the goodwill symbolized by the ABSOLUTE STRATEGIES FUND mark.

69.     Loomis, Sayles' and Natixis's actions are thereby likely to confuse and deceive members of the public as to the source of Absolute's mutual fund and financial services as a result of Loomis, Sayles' and Natixis's use of the infringing Loomis Sayles Absolute Strategies Fund name.

70.     By virtue of Loomis, Sayles' and Natixis's actions, they have engaged in unfair competition in violation of the common law of the state of Colorado.

71.     Loomis, Sayles' and Natixis's acts of unfair competition have caused damage and irreparable harm to Absolute, and are likely to continue unabated, thereby causing further damage and irreparable harm to Absolute and to the valuable goodwill symbolized by and associated with the ABSOLUTE STRATEGIES FUND mark unless enjoined and restrained by the Court.

**COUNT VI**
**DECEPTIVE TRADE PRACTICES IN VIOLATION OF**
**COLORADO'S CONSUMER PROTECTION ACT**
**(COLO. REV. STAT. § 6-1-105(1))**

72.     Absolute incorporates and realleges each and every allegation contained in the foregoing paragraphs 1 through 71 as if fully set forth and restated herein.

73.     In the course of their business, Loomis, Sayles and Natixis have engaged and continue to engage in a deceptive trade practice by knowingly making false representations as to the source, sponsorship, approval, or certification of the Loomis Sayles Absolute Strategies Fund in violation of C.R.S. Section 6-1-105(1)(b).

74.     In the course of their business, Loomis, Sayles and Natixis have engaged and continue to engage in a deceptive trade practice by knowingly making false representations as to the affiliation, connection, or association with, or certification by Absolute of the ABSOLUTE STRATEGIES FUND mark in violation of Section 6-1-105(1)(c).

75.     Loomis, Sayles' and Natixis's deceptive trade practices significantly impact the public as actual or potential consumers of the Loomis Sayles Absolute Strategies Fund because, among other things, they market such fund generally over the Internet and other forms of widespread, nationwide advertising and marketing.

76.     Loomis, Sayles' and Natixis's ongoing violations of Section 6-1-105(1) of the Colorado Consumer Protection Act are committed knowingly, willfully, internationally, and in bad faith.

77.     Loomis, Sayles' and Natixis's deceptive trade practices have damaged and will continue to damage Absolute and the ABSOLUTE STRATEGIES FUND mark.

## RELIEF SOUGHT

WHEREFORE, Absolute seeks the following relief:

A.      Permanent injunctive relief, or preliminary and permanent injunctive relief, in each case enjoining Loomis, Sayles and Natixis and any of their affiliates, principals, owners, agents, employees, officers, directors, contractors, managers, successors, and assigns and all those in privity, concert, or participation with Loomis, Sayles and Natixis, as follows:

(i)      requiring Loomis, Sayles and Natixis to discontinue the promotion, display, and use of the names Loomis Sayles Absolute Strategies Fund, Loomis Sayles Absolute Strategies Bond Fund, and Loomis Sayles Absolute Strategies Trust, and any other financial services or investment service name containing the words "ABSOLUTE STRATEGIES," or any other name that is likely to be confused with the ABSOLUTE STRATEGIES FUND mark;

(ii)      requiring Loomis, Sayles and Natixis to cease the use of any designation similar to the ABSOLUTE STRATEGIES FUND mark that is likely to cause confusion, mistake, or to deceive;

(iii)      requiring Loomis, Sayles and Natixis to cease the use of any and all advertising, signs, printed or online materials bearing the names Loomis Sayles Absolute Strategies Fund, Loomis Sayles Absolute Strategies Bond Fund, and Loomis Sayles Absolute Strategies Trust, any other financial services or investment service name containing the words "ABSOLUTE STRATEGIES," and/or any other marks or designations or reference thereto, including but not limited to, the use of the name

Loomis Sayles Absolute Strategies Fund on or in connection with the management of investment funds and/or financial services;

(iv)     requiring that Loomis, Sayles and Natixis deliver up for destruction by the Court or Absolute all materials that bear the names Loomis Sayles Absolute Strategies Fund, Loomis Sayles Absolute Strategies Bond Fund, and Loomis Sayles Absolute Strategies Trust, any other financial services or investment service name containing the words "ABSOLUTE STRATEGIES," and/or any other material that is confusingly similar to the ABSOLUTE STRATEGIES FUND mark, and all articles and processes by means of which Loomis, Sayles and Natixis may make such materials;

(v)     restraining Loomis, Sayles and Natixis from engaging in any advertising (whether online, television, radio, or other media or format), or operating or doing business in any manner, using the names Loomis Sayles Absolute Strategies Fund, Loomis Sayles Absolute Strategies Bond Fund, and Loomis Sayles Absolute Strategies Trust, any other financial services or investment service name containing the words "ABSOLUTE STRATEGIES," or any other designation that might tend to give the general public the impression that the Loomis Sayles Absolute Strategies Fund, the Loomis Sayles Absolute Strategies Bond Fund, and the Loomis Sayles Absolute Strategies Trust are in any way connected with Absolute or the ABSOLUTE STRATEGIES FUND mark or any of Absolute's products or services, or that Loomis, Sayles and Natixis are authorized to use the ABSOLUTE STRATEGIES FUND mark;

(vi)     restraining Loomis, Sayles and Natixis from imitating, copying, duplicating, or otherwise making any use of the ABSOLUTE STRATEGIES FUND

mark, any other name containing the words "ABSOLUTE STRATEGIES," or any mark confusingly similar to the ABSOLUTE STRATEGIES FUND mark;

(vii)    restraining Loomis, Sayles and Natixis from producing, distributing, circulating, selling, or otherwise creating any service which bears any copy or colorable imitation of the ABSOLUTE STRATEGIES FUND mark, or containing the words "ABSOLUTE STRATEGIES";

(viii)    restraining Loomis, Sayles and Natixis from using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any services advertised, promoted or sold by Loomis, Sayles and Natixis are sponsored, endorsed, connected with, approved, or authorized by Absolute;

(ix)    restraining Loomis, Sayles and Natixis from causing likelihood of confusion or injury to Absolute's business reputation and to the distinctiveness of the ABSOLUTE STRATEGIES FUND mark by unauthorized use of a confusingly similar mark;

(x)    restraining Loomis, Sayles and Natixis from engaging in any other activity constituting unfair competition or infringement of Absolute's ABSOLUTE STRATEGIES FUND mark or Absolute's rights in, or to use, or to exploit the same; and

(xi)    restraining Loomis, Sayles and Natixis from assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (x) above.

B.      A judgment that Loomis, Sayles and Natixis have infringed on the Absolute's ABSOLUTE STRATEGIES FUND mark and have damaged Absolute's goodwill by the acts complained of herein in violation of federal and state law.

C.      A judgment that Loomis, Sayles and Natixis have unfairly competed with Absolute by the acts complained herein in violation of federal and state law, and a finding that such infringement was willful, knowing, and with reckless disregard of Absolute's proprietary rights and the rights of the public not to be confused, deceived, or misled.

D.      A judgment that Loomis, Sayles & Company, L.P. have breached the Subadvisory Agreement.

E.      A judgment that Loomis, Sayles and Natixis have violated the Colorado Consumer Protection Act.

F.      A judgment that Loomis, Sayles and Natixis are jointly and severally liable to Absolute and an award to Absolute of monetary relief in an amount to be fixed by the Court in its discretion as just, including all Absolute's lost profits, treble damages, attorneys' fees and costs, and exemplary and exceptional damages resulting from Loomis, Sayles' and Natixis's intentional, wanton, reckless disregard, and willful infringement pursuant to 15 U.S.C. § 1117.

G.      An accounting and judgment against Loomis, Sayles and Natixis for all revenues, profits, gains, and advantages received or realized by them since commencement of their Loomis Sayles Absolute Strategies Fund and the Loomis Sayles Absolute Strategies Trust activities and for all damages sustained by Absolute resulting from their infringing and unlawful activities.

H.      An order that Loomis, Sayles and Natixis engage in such corrective advertising as is appropriate to correct the actual and potential likely consumer confusion caused by their use of

the names Loomis Sayles Absolute Strategies Fund, Loomis Sayles Absolute Strategies Bond Fund, and Loomis Sayles Absolute Strategies Trust, or in the alternative, damages to Absolute in an amount sufficient for Absolute to undertake its own corrective advertising as is appropriate to correct the actual and likely consumer confusion cause by their infringing and unlawful activities.

I.      Such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## <u>JURY DEMAND</u>

Absolute demands a trial to a jury on all issues so triable.

Respectfully submitted this 23rd day of December, 2011.

s/  Victoria V. Johnson
Victoria V. Johnson
Thomas P. Johnson
Pantea Garroussi
Olympia Z. Fay
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO  80202
Telephone:  (303) 892-9400
Vicki.Johnson@dgslaw.com
Thomas.Johnson@dgslaw.com
Pantea.Garroussi@dgslaw.com
Olympia.Fay@dgslaw.com

Absolute Investment Advisers LLC
18 Shipyard Drive, Suite 3C
Hingham, MA 02043