**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-03376-WJM-KMT

ABSOLUTE INVESTMENT ADVISERS LLC,
a Massachusetts limited liability company,

      Plaintiff,

v.

LOOMIS, SAYLES & COMPANY, L.P.,
a Delaware limited partnership;
LOOMIS SAYLES ABSOLUTE STRATEGIES FUND;
LOOMIS, SAYLES & COMPANY, INC.,
a Massachusetts corporation; and
NATIXIS DISTRIBUTORS, L.P.,
a Delaware limited partnership,

      Defendants.

---

## ANSWER AND COUNTERCLAIMS

---

      Defendants, Loomis, Sayles & Company, L.P.; Loomis Sayles Absolute Strategies Fund;

Loomis, Sayles & Company, Inc.; and NGAM Distribution, L.P. (formerly known as Natixis

Distributors, L.P.), by and through their attorneys, Ropes & Gray LLP, hereby answer the

Complaint of Plaintiff Absolute Investment Advisers, LLC ("AIA") and aver as follows.

      1.      Defendants admit that AIA has registered the alleged mark ABSOLUTE

STRATEGIES FUND ("AIA's Alleged Mark") with the United States Patent & Trademark

Office ("USPTO"), but aver that such registration is invalid and currently subject to a petition for

cancellation ("Petition") filed by Defendants NGAM Distribution, L.P. (formerly known as

Natixis Distributors, L.P.) and Loomis, Sayles & Company, L.P. in the Trademark Trial and

Appeal Board of the USPTO.  Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2.      Defendants admit the allegations of paragraph 2 of the Complaint.

3.      Defendants deny that Loomis, Sayles & Company, L.P. transacts substantial business in Colorado, that it has committed torts in Colorado, and that it has derived financial benefit from any unlawful activities of any kind, but admit the remaining allegations of paragraph 3 of the Complaint.

4.      Defendants deny that Loomis, Sayles & Company, Inc. transacts substantial business in Colorado, that it has committed torts in Colorado, and that it has derived financial benefit from any unlawful activities of any kind, but admit the remaining allegations of paragraph 4 of the Complaint.

5.      Defendants deny that Loomis Sayles Absolute Strategies Fund transacts substantial business in Colorado, that it has committed torts in Colorado, and that it has derived financial benefit from any unlawful activities of any kind, but admit the remaining allegations of paragraph 5 of the Complaint.

6.      Defendants deny that NGAM Distribution, L.P. (formerly known as Natixis Distributors, L.P.) transacts substantial business in Colorado, that it has committed torts in Colorado, and that it has derived financial benefit from any unlawful activities of any kind, but admit the remaining allegations of paragraph 6 of the Complaint.  Defendants aver that Natixis Distributors, L.P. has changed its name to NGAM Distribution, L.P.

7.      Defendants admit that, in its Complaint, AIA has made allegations that invoke the jurisdiction of this court, but otherwise lack sufficient knowledge or information to form a belief

as to the truth of the remaining allegations in paragraph 7 of the Complaint and therefore deny them.

8.      Defendants admit that, in its Complaint, AIA has made allegations that invoke the jurisdiction of this court, but otherwise lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and therefore deny them.

9.      Defendants admit that, in its Complaint, AIA has made allegations that invoke the jurisdiction of this court, but otherwise lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint and therefore deny them.

10.      Defendants stipulate that this District is a proper venue with regard to the Complaint, but aver that the convenience of the parties and witnesses and the interests of justice warrant a transfer of the case to the District of Massachusetts under 28 U.S.C. § 1404(A).

11.      Defendants admit that AIA has registered the mark "ABSOLUTE STRATEGIES FUND" with the USPTO at Federal Registration No. 3,178,000, but deny the validity of the mark, and aver that the registration of the mark is currently subject to the Petition filed by Defendants NGAM Distribution, L.P. (formerly known as Natixis Distributors, L.P.) and Loomis, Sayles & Company, L.P.  Defendants further aver that the remaining allegations of paragraph 11 of the Complaint are matters of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is required of Defendants.  To the extent that these remaining allegations of paragraph 11 purport to state allegations of fact, Defendants lack knowledge or information sufficient to form a belief as their truth, and therefore deny them.

12.     Defendants admit the allegations of paragraph 12 of the Complaint.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 14.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 17.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 18, but deny any implication that the words or phrase "absolute strategies fund" are associated in the financial advisory services and related industries exclusively with AIA.

19.     Defendants admit the allegations of paragraph 19 of the Complaint.

20.     Defendants aver that the Subadvisory Agreement is the best evidence of its own terms and refer to that agreement for their response to paragraph 20.

21.     Defendants aver that the Subadvisory Agreement is the best evidence of its own terms and refer to that agreement for their response to paragraph 21.

22.     Defendants aver that the Subadvisory Agreement is the best evidence of its own terms and refer to that agreement for their response to Paragraph 22.

23.     Defendants admit that on or about December 15, 2010, they launched a mutual fund titled the "Loomis Sayles Absolute Strategies Fund," but aver that the remaining allegations of paragraph 23 of the Complaint are matters of opinion and/or conclusions of law (as opposed to allegations of fact), such that no response is required of Defendants.  To the extent that these remaining allegations of paragraph 23 purport to state allegations of fact, Defendants deny them.

24.     Defendants admit the allegations of paragraph 24 of the Complaint.

25.     Defendants admit the allegations of paragraph 25 of the Complaint.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 26, but deny any implication that Defendants were required to seek the approval of AIA or Forum Funds prior to launching the Loomis Sayles Absolute Strategies Fund.

27.     Defendants aver that the letter referenced in paragraph 27 of the Complaint speaks for itself and deny any characterization of the letter by AIA.

28.     Defendants admit that, at the present time, they are using the phrase "absolute strategies fund" in a descriptive manner to identify the nature of their services, but deny that they are using that phrase as a service mark, deny that AIA has any valid trademark rights in that phrase, and deny any remaining allegations of paragraph 28 of the Complaint.

29.     Defendants deny the allegations of paragraph 29 of the Complaint.

30.     Defendants admit that the title of the Loomis Sayles Absolute Strategies Fund contains the phrase "absolute strategies fund," that AIA and Defendants are in the financial services business and offer managed investment funds, and that the Absolute Strategies Fund and

the Loomis Sayles Absolute Strategies Fund are mutual funds, but deny the remaining

allegations of paragraph 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the facts alleged in paragraph 31, including subparts (a) and (b), of the Complaint.  With

respect to the allegation that those facts constitute evidence of actual confusion, Defendants aver

that such allegation is a matter of opinion and/or a conclusion of law (as opposed to an allegation

of fact), such that no response is required of Defendants, but to the extent that such allegation

purports to state an allegation of fact, Defendants deny it.

32.     Defendants deny the allegations of paragraph 32 of the Complaint.

33.     Defendants deny the allegations of paragraph 33 of the Complaint.

34.     Defendants admit that the total net assets of the Loomis Sayles Absolute

Strategies Fund are approximately $500 million, but deny the remaining allegations of paragraph

34 of the Complaint.

35.     Defendants admit that they have created the Loomis Sayles Absolute Strategies

Bond Fund and the Loomis Sayles Absolute Strategies Trust, but deny the remaining allegations

of paragraph 35 of the Complaint.

36.     Defendants aver that the Subadvisory Agreement is the best evidence of its own

terms and refer to that agreement for their response to the allegations of paragraph 36 of the

Complaint regarding those terms.  Defendants admit that, at the present time, they have actual

knowledge of AIA's ownership of the Alleged Mark and that they are using the phrase "absolute

strategies fund" in a descriptive manner to identify the nature of their services, but deny that they

are using that phrase as a service mark, deny that AIA has any valid trademark rights in the

phrase "absolute strategies fund," and deny any remaining allegations of paragraph 36, including subparts (a) and (b), of the Complaint.

37.     Defendants deny the allegations of paragraph 37 of the Complaint.

38.     Defendants deny the allegations of paragraph 38 of the Complaint.

## COUNT I

39.     Defendants incorporate by reference and re-allege their answers to the allegations of paragraphs 1 through 38 of the Complaint.

40.     Defendants admit that AIA has registered the Alleged Mark with USPTO, but deny the remaining allegations of paragraph 40 of the Complaint.

41.     Defendants admit that they have used and are continuing to use the name Loomis Sayles Absolute Strategies Fund, but deny the remaining allegations of paragraph 41 of the Complaint.

42.     Defendants deny the allegations of paragraph 42 of the Complaint.

43.     Defendants deny that they were aware of AIA's federal registration of the Alleged Mark at the time they launched the Loomis Sayles Absolute Strategies Fund.   Defendants admit that, at the present time, they have actual knowledge of AIA's ownership of the Alleged Mark and that they are using the phrase "absolute strategies fund" in a descriptive manner to identify the nature of their services, but deny that they are using that phrase as a service mark, deny that AIA has any valid trademark rights in the phrase "absolute strategies fund," and deny any implication that use of the phrase "absolute strategies fund" requires AIA's permission.

44.     Defendants deny the allegations of paragraph 44 of the Complaint.

45.     Defendants deny the allegations of paragraph 45 of the Complaint.

46.     Defendants deny the allegations of paragraph 46 of the Complaint.

47.     Defendants deny the allegations of paragraph 47 of the Complaint.

## COUNT II

48.     Defendants incorporate by reference and re-allege their answers to the allegations of paragraphs 1 through 47 of the Complaint.

49.     Defendants deny the allegations of paragraph 49 of the Complaint.

50.     Defendants deny the allegations of paragraph 50 of the Complaint.

51.     Defendants deny the allegations of paragraph 51 of the Complaint.

52.     Defendants deny the allegations of paragraph 52 of the Complaint.

53.     Defendants deny the allegations of paragraph 53 of the Complaint.

## COUNT III

54.     Defendants incorporate by reference and re-allege their answers to the allegations of paragraphs 1 through 53 of the Complaint.

55.     Defendants admit the allegations of paragraph 55 of the Complaint.

56.     Defendants aver that the Subadvisory Agreement is the best evidence of its own terms and refer to that agreement for their response to the allegations of paragraph 56 of the Complaint

57.     Defendants deny the allegations of paragraph 57 of the Complaint.

58.     Defendants deny the allegations of paragraph 58 of the Complaint.

## COUNT IV

59.     Defendants incorporate by reference and re-allege their answers to the allegations of paragraphs 1 through 58 of the Complaint.

60.     Defendants deny the allegations of paragraph 60 of the Complaint.

61.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 61 of the Complaint.

62.     Defendants deny the allegations of paragraph 62 of the Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Complaint.

64.     Defendants deny the allegations of paragraph 64 of the Complaint.

65.     Defendants deny the allegations of paragraph 65 of the Complaint.

66.     Defendants deny the allegations of paragraph 66 of the Complaint.

## COUNT V

67.     Defendants incorporate by reference and re-allege their answers to the allegations of paragraphs 1 through 66 of the Complaint.

68.     Defendants deny the allegations of paragraph 68 of the Complaint.

69.     Defendants deny the allegations of paragraph 69 of the Complaint.

70.     Defendants deny the allegations of paragraph 70 of the Complaint.

71.      Defendants deny the allegations of paragraph 71 of the Complaint.

## COUNT VI

72.     Defendants incorporate by reference and re-allege their answers to the allegations of paragraphs 1 through 71 of the Complaint.

73.     Defendants deny the allegations of paragraph 73 of the Complaint.

74.     Defendants deny the allegations of paragraph 74 of the Complaint.

75.     Defendants admit that they market the Loomis Sayles Absolute Strategies Fund via nationwide advertising, including over the Internet, but otherwise deny the remaining allegations of paragraph 75 of the Complaint.

76.     Defendants deny the allegations of paragraph 76 of the Complaint.

77.     Defendants deny the allegations of paragraph 77 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The allegations and claims in the Complaint, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The allegations and claims in the Complaint are barred, in whole or in part, by AIA's unclean hands.

## THIRD AFFIRMATIVE DEFENSE

AIA's Alleged Mark is invalid because the phrase "absolute strategies fund" is the generic name for the services for which said Mark was registered by AIA and for which AIA purports to claim exclusive rights in said Mark.

## FOURTH AFFIRMATIVE DEFENSE

AIA's Alleged Mark is invalid because the phrase "absolute strategies fund" is merely descriptive of the services for which said Mark was registered by AIA and for which AIA purports to claim exclusive rights in said Mark, is devoid of secondary meaning, and pursuant to Lanham Act § 15(2), 15 U.S.C. § 1065(2), is not incontestable in light of the filing of the Petition prior to the end of the five-year period following issuance of Registration No. 3,178,000.

### FIFTH AFFIRMATIVE DEFENSE

The allegations and claims in the Complaint are barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

### RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer, to assert additional affirmative defenses, and to supplement those asserted herein as factual and/or legal developments warrant

### COUNTERCLAIMS

1.      Defendants-Counterclaimants, Loomis, Sayles & Company, L.P.; Loomis Sayles Absolute Strategies Fund; Loomis, Sayles & Company, Inc.; and NGAM Distribution, L.P., by their attorneys, assert these Counterclaims against Plaintiff AIA for declaratory relief and cancellation of AIA's Alleged Mark, a service mark registered on the Principal Register of the PTO at Federal Registration No. 3,178,000, due to invalidity of the mark.  In support of their claims for relief, Defendants-Counterclaimants aver particularly as follows:

### PARTIES

2.      Loomis, Sayles & Company, L.P. is a Delaware limited partnership with its principal place of business in Boston, Massachusetts.

3.      Loomis, Sayles & Company, Inc. is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

4.      Loomis Sayles Absolute Strategies Fund is a series Natixis Fund Trust II that has its principal executive offices in Boston, Massachusetts.

5.      NGAM Distribution, L.P. is a Delaware partnership with its principal place of business in Boston, Massachusetts.

6.      Upon information and belief, AIA is a Massachusetts limited liability company with its principal place of business in Hingham, Massachusetts.

## JURISDICTION

7.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a) and 2201(a), and 15 U.S.C. §§ 1119 and 1121.

8.      By the filing of the Complaint in this action, AIA has voluntarily submitted itself, and waived objection, to the jurisdiction of this Court.  On information and belief, this Court also has personal jurisdiction over AIA because AIA has established minimum contacts with the State of Colorado.

## VENUE

9.      Venue in this Court is proper pursuant to 28 U.S.C. 1391(b), but Defendants-Counterclaimants aver that the convenience of the parties and witnesses and the interests of justice warrant a transfer of the case to the District of Massachusetts under 28 U.S.C. § 1404(A).

## FACTUAL BACKGROUND

10.      On November 28, 2006, AIA obtained registration of AIA's Alleged Mark for "financial advisory services" in International Class 36 ("AIA's Services"), as a service mark on the Principal Register of the PTO at Federal Registration No. 3,178,000.

11.      On information and belief, AIA made no use of AIA's Alleged Mark as a trademark or service mark prior to 2005.

12.      AIA has used AIA's Alleged Mark in connection with a mutual fund that invests according to investment strategies that are known in the investment field as "absolute strategies."

13.     The phrase "absolute strategies" is an expression that is widely used in the field of financial management to identify a class of investment strategies which seek to achieve positive total returns (also called "absolute returns") and capital appreciation with low volatility and low sensitivity to traditional stock and bond markets over the long term.  Absolute strategies are intended to produce positive returns over lengthy periods when the market is either static or declining, or more specifically, returns that are independent of overall market trends.  Unlike most other funds, absolute strategies funds generally are not benchmarked or managed relative to an index (e.g. S&P 500), but rather employ common hedge fund strategies.

14.     NGAM Distribution, L.P. is a limited purpose broker-dealer engaged in the marketing and distribution of mutual funds.

15.     Loomis, Sayles & Company, L.P. is an S.E.C.-regulated investment advisor engaged in the investment management and marketing of mutual funds.

16.     NGAM Distribution, L.P. has used the phrases "absolute strategies" and "absolute strategies fund" as merely descriptive and/or generic designations in connection with the marketing and distribution of mutual funds that are based on absolute strategies.

17.     Loomis, Sayles & Company, L.P. has used the phrases "absolute strategies" and "absolute strategies fund" as merely descriptive and/or generic designations in connection with the investment management and marketing of mutual funds that are based on absolute strategies.

18.     The registration of AIA's Alleged Mark is inconsistent with the equal right of NGAM Distribution, L.P. to use the phrases "absolute strategies" and "absolute strategies fund" as merely descriptive and/or generic designations in connection with the marketing and distribution of mutual funds.

19.     The registration of AIA's Alleged Mark is inconsistent with the equal right of Loomis, Sayles & Company, L.P. to use the phrases "absolute strategies" and "absolute strategies fund" as merely descriptive and/or generic designations in connection with the investment management and marketing of mutual funds.

20.     On November 23, 2011, Defendants NGAM Distribution, L.P. (formerly known as Natixis Distributors, L.P.) and Loomis, Sayles & Company, L.P. filed the Petition for cancellation of AIA's Alleged Mark in the Trademark Trial and Appeal Board of the USPTO.

21.     On December 23, 2011, AIA filed a Complaint against Defendants-Counterclaimants in the United States District Court for the District of Colorado, alleging infringement of AIA's Alleged Mark and seeking, among other things, restrictions on Loomis, Sayles & Company's and NGAM Distribution's use of the phrases "absolute strategies" and "absolute strategies fund" in connection with their financial or investment services, and monetary relief.

22.     On January 3, 2012, AIA filed a motion to suspend proceedings in the Trademark Trial and Appeal Board of the USPTO, requesting suspension of those proceedings pending the resolution of this action.

23.      In view of the allegations in the Complaint, Defendants-Counterclaimants have a real interest in obtaining the cancellation of AIA's Alleged Mark and a reasonable basis for their belief that they will suffer damage if AIA's Alleged Mark remains registered.

## FIRST CLAIM FOR RELIEF

### DECLARATION OF INVALIDITY OF MARK
### DUE TO GENERICNESS OR MERE DESCRIPTIVENESS

[Lanham Act § 2(e), 15 U.S.C. § 1052(e)]

24.     Defendants-Counterclaimants incorporate by reference and re-allege the allegations of paragraphs 1 through 23 of the Counterclaims.

25.     The phrase "absolute strategies" is the generic name for the services for which it was registered by AIA and for which AIA purports to claim exclusive rights.

26.     In the alternative, AIA's Alleged Mark, when used in connection with AIA's Services, is merely descriptive of the services for which it was registered by AIA and for which AIA purports to claim exclusive rights, is devoid of secondary meaning, and pursuant to Lanham Act § 15(2), 15 U.S.C. § 1065(2), is not incontestable in light of the filing of the Petition prior to the end of the five-year period following issuance of Registration No. 3,178,000.

27.     Defendants-Counterclaimants are entitled to a declaration that AIA's Alleged Mark is invalid because it is generic or, in the alternative, is merely descriptive and lacks secondary meaning.

## SECOND CLAIM FOR RELIEF

### CANCELLATION OF MARK
### DUE TO GENERICNESS OR MERE DESCRIPTIVENESS

[Lanham Act § 37, 15 U.S.C. § 1119]

28.     Defendants-Counterclaimants incorporate by reference and re-allege the allegations of paragraphs 1 through 27 of the Counterclaims.

-15-

29.     For all the foregoing reasons, Registration No. 3,178,000 should be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Defendants-Counterclaimants seek relief as follows:

A.     That the Court declare that AIA's Alleged Mark is invalid because it is generic or, in the alternative, is merely descriptive and lacks secondary meaning.

B.     That the Court order the cancellation of Registration No. 3,178,000.

C.     That the Court direct that AIA pay Defendants-Counterclaimants the costs incurred by Defendants-Counterclaimants in defense of the Complaint; and

D.     That the Court grant Defendants-Counterclaimants such other and further relief as the Court may deem just and proper.

DATED: March 5, 2012

Respectfully submitted,

*/s/ Jane Michaels*
Jane Michaels
Holland & Hart
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000
Fax: (303) 295-8261

Peter M. Brody
Medha D. Makhlouf
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Fax: (202) 508-4650

Attorneys for Defendants-Counterclaimants
LOOMIS, SAYLES & COMPANY, L.P.
LOOMIS SAYLES ABSOLUTE STRATEGIES FUND
LOOMIS, SAYLES & COMPANY, INC.
NGAM DISTRIBUTION, L.P. (formerly known as
NATIXIS DISTRIBUTORS, L.P.)

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2012, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Victoria V. Johnson, Esq.
Vicki.johnson@dgslaw.com

Olympia Z. Fay, Esq.
Olympia.fay@dgslaw.com

Pantea Mehin Garroussi, Esq.
Pantea.garroussi@dgslaw.com

Thomas P. Johnson, Esq.
Tom.johnson@dgslaw.com

*/s/ Jane Michaels*

-17-